# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**JOHN DOE**, *an individual*,

    Plaintiff,

vs.
                              Case No.  16-cv-13174
                                    Hon. David M. Lawson

**DAVID H. BAUM**, et al,
                              Mag. Stephanie Dawkins Davis

    Defendants.
_____

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Attorney for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

**MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.**
Megan P. Norris (P39318)
Brian M. Schwartz (P69018)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
norris@millercanfield.com
schwartz@millercanfield.com

**JENNER & BLOCK LLP**
David W. DeBruin (337626)
Attorneys for Defendants
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
(202) 639-6015
ddebruin@jenner.com

**UNIVERSITY OF MICHIGAN
OFFICE OF THE VICE
PRESIDENT AND GENERAL
COUNSEL**

Patricia M. Petrowski (P80361)
Attorneys for Defendants
503 Thompson St. Room 5010
Ann Arbor, MI  4810-1340
(734) 734-0304
ppetrows@umich.edu

_____

## PLAINTIFF'S MOTION FOR AWARD OF INTERIM
## ATTORNEY FEES AND COSTS AS TO HIS DUE PROCESS CLAIM

NOW COMES Plaintiff, by and through his attorneys Deborah Gordon Law, and files his Motion for Imposition of Interim Remedy as to Due Process Claim only for the following reasons:

1.     On January 1, 2017, this court granted Defendants' Motion to Dismiss and denied Plaintiff's Motion for Preliminary Injunction and Motion for Evidentiary Hearing [Dkt. 74] and entered Judgement in favor of Defendants. [Dkt. 75]  On September 29, 2017 this court issued its Opinion and Order denying Plaintiff's Motion to Reopen Case. [Dkt. 95].

2.     On September 7, 2018, the United States Court of Appeals issued its Opinion claims and remanding for further proceedings.  Case No. 17-2213, *John Doe v. David Baum, et al*, originating Case No: 16-cv-13174, (6th Cir. 2016) [Dkt. 45-2].  The Court held, in pertinent part, that Defendants violated his constitutional right to due process, finding:

"if a public university has to choose between competing narratives to resolve a case, **the university must give the accused student or his agent an opportunity to cross-examine the accuser and adverse witnesses in the presence of a neutral fact-finder**. **Because the University of Michigan failed to comply with this rule, we reverse**." *Doe v. Baum*, 903 F.3d 575, 578 (6th Cir. 2018) (emphasis added).

3.      In any action to enforce a provision of 42 USC § 1983, § 1988 of that title permits the court to allow the prevailing party reasonable attorney fees if he succeeds on any significant issue in litigation which achieves some of the benefit he sought in bringing the lawsuit. *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)).

4.      The Supreme Court has held that a prevailing party should be awarded reasonable attorney fees "unless special circumstances would render such an award unjust." *Id.* at 429 (internal citations omitted).

5.      Accordingly, 42 USC § 1988(b) permits a court to award interim attorney fees to a prevailing party, even where a final decision in the case has yet to be rendered.

6.      An award of interim attorneys' fees is appropriate even during the pendency of litigation where: "the court has entered a concrete order that 'determines substantial rights of the parties,' meaning 'when a party has prevailed on the merits of at least some of his claims.'" *Webster v. Sowders*, 846 F.2d 1032, 1036 (6th Cir. 1988) (citing *Hanrahan v. Hampton*, 446 U.S. 754, 757-58 (1980)

(per curiam) (quoting *Bradley v. Richmond Sch. Bd.*, 416 U.S. 696, 723 n.28, (1974))).

7.   Based on the ruling of the court of appeals in *Baum*, Plaintiff undisputedly prevailed on the merits of his due process claim.

8.   The Sixth Circuit's ruling that due process required Defendants to allow for some form of *live* questioning *in front of* the fact-finder (*Baum*, 903 F.3d at 583) both determined Plaintiff's substantial rights and changed the parties' legal relationship.

9.   Moreover, the complexity and duration of Plaintiff's case also favor an award of interim fees.

10.   Plaintiff is accordingly entitled to an award of interim attorney fees and costs.

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order holding that Plaintiff is a prevailing party for the purposes of obtaining an interim fee award, and accordingly that Plaintiff is entitled to a fully compensatory award of interim attorney fees and costs including:

A. Attorney fees (Deborah Gordon Law) in the amount of $326,824.50.
   **Ex. B**.

B. Costs (Deborah Gordon Law) in the amount of $9,986.23. **Ex. C.**

C. An attorney fee enhancement of at least 10% due to the nature of this case and the relief Plaintiff has obtained.

4

Plaintiff further requests oral argument regarding the relief requested in the instant Motion and brief. Respectfully submitted,

                          **DEBORAH GORDON LAW**
                          /s/Deborah L. Gordon (P27058)
                          Attorney for Plaintiff
                          33 Bloomfield Hills Parkway, Suite 220
                          Bloomfield Hills, Michigan 48304
Dated: March 26, 2019     (248) 258-2500

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JOHN DOE**,

      Plaintiff,

vs.

Case No. 16-cv-13174
Hon. David M. Lawson
**DAVID H. BAUM**, *et al.*,
Mag. Stephanie Dawkins Davis

      Defendants.

---

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Attorney for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**
Megan P. Norris (P39318)
Brian M. Schwartz (P69018)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
norris@millercanfield.com
schwartz@millercanfield.com

**JENNER & BLOCK LLP**
David W. DeBruin (337626)
Attorneys for Defendants
1099 New York Ave., N.W., Ste. 900
Washington, DC 20001
(202) 639-6015
ddebruin@jenner.com

---

## PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION FOR AWARD OF INTERIM ATTORNEY FEES AND COSTS AS TO HIS DUE PROCESS CLAIM

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ....................................................................................iii-iv

I.     INTRODUCTION............................................................................................1

II.    The Sixth Circuit Finds the University Deprived Plaintiff of Due Process ...................2

III.   LEGAL STANDARD .......................................................................................3

IV.    ARGUMENT ...................................................................................................6

       A.    Plaintiff prevailed on his due process claim ........................................................6

             1.    Concrete order determining substantial rights ...........................................6

             2.    The Sixth Circuit's ruling in *Doe v. Baum* resulted in a judicially
                   sanctioned change in the parties' relationship.............................................7

             3.    Plaintiff prevailed on at least one of his claims........................................13

       B.    The complexity and duration of Plaintiff's case also favor an award
             of interim fees .............................................................................................12

V.     PLAINTIFF'S REASONABLE ATTORNEY FEES AND COSTS........................13

       A.    Plaintiff's Lodestar Amount ...................................................................13

             (1) The professional standing and experience of the attorney(s) .....................15

             (2) Skill, time, and labor involved.........................................................18

             (3) The amount in question and the results achieved .........................................19

             (4) The difficulty of the case ................................................................20

             (5) The undesirability of the case .........................................................21

             (6) The expenses incurred ..........................................................................21

(7) The nature and length of the professional relationship with the client........21

    B.      Adjustments to Plaintiff's Lodestar Amount........................................................22

VI.    CONCLUSION................................................................................................24

CERTIFICATE OF SERVICE ......................................................................................25

# INDEX OF AUTHORITIES

**Cases**                                                                 **Page**

*Adcock-Ladd v. Sec'y of Treasury*,
   227 F.3d 343 (6th Cir. 2000) ...............................................................22

*Barnes v. City of Cincinnati*,
   401 F.3d 729 (6th Cir. 2005) .................................................................13

*Blum v. Stenson*,
   465 U.S. 886, n. 11 (1984)......................................................................15

*Bradley v. Richmond Sch. Bd.*,
   416 U.S. 696 n.28, (1974).................................................................4, 12

*Buckhannon Bd. of Care Home, Inc.*
   532 U.S. 598, 603 (2001)........................................................................4

*Conklin v. Lively*,
   834 F.2d 543 (6th Cir. 1987) ................................................................24

*Doe v. Baum*,
   903 F.3d 575 (6th Cir. 2018) ....................................................... 6, 7, 10

*Dorman et. al. v. Charter Township of Clinton*,
   2018 WL 4358807 at *1 (E.D. Mich. Sept. 13, 2018)............................. 4, 12, 13

*Flagg v. City of Detroit*,
   2011 WL 6131073 (E.D. Mich. 2011)....................................................16

*Geier v. Sundquist*,
   372 F.3d 784 (6th Cir. 2004) ..............................................................14

*Hamlin v. Charter Township of Flint*,
   165 F.3d 426 (6th Cir. 1999) ....................................................... 14, 22

*Hanrahan v. Hampton*,
   446 U.S. 754 (1980)................................................................................4

*Hensley v. Eckerhart,*
   461 U.S. 424 (1983) ...................................................................................... passim

*Maher v. Gagne*,
   448 U.S. 122 (1980) ................................................................................................5

*McQueary v. Conway,*
   614 F.3d 591 (6th Cir. 2010) ......................................................................... 4, 5, 8

*Nadeau v. Helgemoe,*
   581 F.2d 275 (1st Cir. 1978) .................................................................................3

*Ne. Ohio Coal. For the Homeless v. Hustead,*
   831 F.3d 686 (6th Cir. 2016) ...............................................................................14

*Northcross v. Board of Education of Memphis City Schools*,
   611 F.2d 624 (6th Cir. 1979) ................................................................................23

*Palmer v. Shultz,*
   679 F.Supp. 68 (D.D.C.1988) ..............................................................................23

*Perdue v. Kenny A. ex rel. Winn,*
   559 U.S. 542, 552 (2010) .....................................................................................13

*Sitz v. Michigan State Police,*
   443 Mich. 744 (1993) ..........................................................................................16

*Sole v. Wyner,*
   551 US 74, 86 (2007). As in *Miller v. Davis,* 267 F.Supp.3d 961 (2017) .........6, 9

*Webster v. Sowders,*
   846 F.2d 1032, 1036 (6th Cir. 1988) ......................................................... 5, 7, 12

*Woods v. Willis,*
   631 F. App'x 359 (6th Cir. 2015) ........................................................... 4, 8, 9, 11

**Other Authorities**
42 USC § 1983, § 1988 ...............................................................................................3
42 USC § 1988(b) ......................................................................................................3

## I.  Introduction

On December 10, 2018, at the Court's direction, Plaintiff filed a ten-page Brief as to Imposition of a Remedy. [Dkt. #107]   Plaintiff requested, in an argument of less than one page, that part of the relief should include interim attorney fees. Plaintiff herein files a complete Motion for Interim Fees.

Plaintiff prevailed on Count II of his Amended Complaint, which alleges that Defendants denied him procedural due process by depriving him of the opportunity for a live hearing and cross examination before finding against him, forcing him to withdraw from the University, and imposing other sanctions. Indeed, in their Petition for Re-Hearing before the Sixth Circuit, Defendants admitted that based on the Sixth Circuit's ruling in *Baum*, the Policy was unconstitutional as applied to Plaintiff. Petition for Rehearing, Sixth Cir. Case 17-2213, Doc. 49-1, p. 8. On January 29, 2019, University President Mark Schlissel publicly conceded that per *Baum,* "the current law" required the University to replace its unconstitutional Policy with a new procedure. Defendant did so on January 9, 2019. The Sixth Circuit's holding in *Baum* both determined Plaintiff's substantial rights and redefined the parties' legal relationship. Accordingly, Plaintiff is entitled to an award of interim attorney fees and costs concerning this claim.

## II.  The Sixth Circuit Finds the University Deprived Plaintiff of Due Process

1

Defendants filed a Motion to Dismiss Plaintiff's claims on October 26, 2016 (Dkt. # 56), which the Court granted on January 5, 2017 (Dkt. # 74). Plaintiff appealed this decision to the Sixth Circuit, where it was overturned. Case No. 17-2213, *John Doe v. David Baum, et al*, originating Case No: 16-cv-13174, (6th Cir. 2016) [Dkt. 45-2].

The Sixth Circuit held that Defendants' Policy violated well-established due process standards. The Court stated, "if a public university has to choose between competing narratives to resolve a case, the university must give the accused student or his agent an opportunity to cross-examine the accuser and adverse witnesses in the presence of a neutral fact-finder. **Because the University of Michigan failed to comply with this rule, we reverse**." *Doe v. Baum*, 903 F.3d 575, 578 (6th Cir. 2018) (emphasis added).

In examining the facts of the instant case, the Sixth Circuit found that, "[t]he university's decision rested on a credibility determination: the Board found Doe responsible after concluding that Roe and her witnesses were "more credible" than Doe and his witnesses.  Nevertheless, Doe never received an opportunity to cross-examine Roe or her witnesses—not before the investigator, and not before the Board." *Baum*, 903 F.3d at 581–82. The Court reasoned that the University's denial of the opportunity for a live hearing and cross examination violated well-established precedent holding that: (1) if a student is accused of misconduct, the

university must hold some sort of hearing before imposing a sanction as serious as expulsion or suspension, and (2) when the university's determination turns on the credibility of the accuser, the accused, or witnesses, that hearing must include an opportunity for cross-examination. *Baum*, 903 F.3d at 581. The Court concluded that in order to ensure due process requirements are met, Defendants must allow for some form of *live* questioning *in front of* the fact-finder. *Id.* at 583. Based on this ruling, Plaintiff prevailed on his due process claim, and is therefore entitled to an award of interim attorney fees and costs concerning it.

## III.   LEGAL STANDARD

In any action to enforce a provision of 42 USC § 1983, § 1988 of that title permits the court to allow the prevailing party reasonable attorney fees if he succeeds on any significant issue in litigation which achieves some of the benefit he sought in bringing the lawsuit. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)). Indeed, the Supreme Court has held that a prevailing party should be awarded reasonable attorney fees "unless special circumstances would render such an award unjust." *Id.* at 429 (internal citations omitted). In keeping with this sentiment, 42 USC § 1988(b) permits a court to award interim attorney fees to a prevailing party, even where a final decision in the case has yet to be rendered.

An award of interim attorneys' fees is appropriate during the pendency of litigation where: "the court has entered a concrete order that 'determines substantial rights of the parties,' meaning 'when a party has prevailed on the merits of at least some of his claims.'" *Webster v. Sowders*, 846 F.2d 1032, 1036 (6th Cir. 1988) (citing *Hanrahan v. Hampton*, 446 U.S. 754, 757-58 (1980) (per curiam) (quoting *Bradley v. Richmond Sch. Bd.*, 416 U.S. 696, 723 n.28, (1974))). "Prevailing on the merits" means succeeding on any significant issue which achieves some of the benefit the plaintiff sought in bringing the lawsuit; and the settling of some dispute affecting the defendant's behavior toward the plaintiff. *Hampton*, 446 U.S. at 758. A "prevailing" plaintiff must obtain a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. of Care Home, Inc.* 532 U.S. 598, 603 (2001).

Interim fees have been awarded in cases with disparate procedural postures, including after the award of preliminary injunctions (*McQueary v. Conway*, 614 F.3d 591, 599 (6th Cir. 2010)) and partial summary judgment (*Woods v. Willis*, 631 F. App'x 359 (6th Cir. 2015); and after the entrance of stipulated orders and voluntary settlements (*Dorman et. al. v. Charter Township of Clinton,* 2018 WL 4358807 at *1 (E.D. Mich. Sept. 13, 2018)*; Maher v. Gagne*, 448 U.S. 122 (1980)). Regardless of the procedural posture of the case or the type of order entered, the touchstone for the award of interim fees is whether the outcome

materially changed the parties' legal relationship in the plaintiff's favor. The Supreme Court held in *Maher* that, "<u>Nothing in the language of § 1988 conditions the district court's power to award fees…on a judicial determination that the plaintiff's rights have been violated</u>." *Maher,* 448 US at 129 (emphasis added).

Regardless of what form a plaintiff's merit-based victory takes, courts must conduct a contextual, case-specific inquiry to determine whether the victory represents an unambiguous indication of success on the merits. *McQueary v. Conway*, 614 F.3d 591, 601 (6th Cir. 2010); *Webster v. Sowders*, 846 F.2d 1032, 1036 (6th Cir. 1988). In the instant case, an assessment of the practical significance of the relief obtained in *Baum* reveals Plaintiff's success on the merits of his due process claim. An award of interim fees is appropriate under the circumstances.

When deciding whether to award interim fees and costs, a court should also consider whether the case is complex and of long duration. *Webster*, 846 F.2d at 1036; *see also Hampton*, 446 U.S. at 757. Plaintiff prevailed on his due process claim when the Sixth Circuit held that Defendants subjected him to an unconstitutional adjudicatory procedure after a two year legal battle. Defendants admitted the Policy was unconstitutional, and replaced it with an Interim Policy as of January 9, 2019 because of this ruling.  The new Policy will apply to all students at the University. Plaintiff is therefore entitled to an award of interim attorney fees and costs.

5

## IV.   ARGUMENT

Plaintiff's victory before the Sixth Circuit in *Baum* meets all the factors entitling him to an award of interim attorney fees and costs.  Plaintiff prevailed on his due process claim and his case is sufficiently complex and long-standing.

### A.   Plaintiff prevailed on his due process claim.

#### 1.   Concrete order determining substantial rights

The Sixth Circuit's holding in *Baum* determined the substantial rights of the parties. The Court held that Defendants' decision to deny Plaintiff a live hearing and the ability to cross-examine Complainant and witnesses violated his right to due process. *Doe v. Baum*, 903 F.3d 575, 578 (6th Cir. 2018). It cannot be said that Plaintiff "won the battle but lost the war," with regard to his due process claim. *Sole v. Wyner*, 551 US 74, 86 (2007). As in *Miller v. Davis,* 267 F.Supp.3d 961 (2017), where legally eligible couples received marriage licenses regardless of sex after the Court enjoined Kimberly Davis from continuing her "no marriage licenses" policy, the Sixth Circuit held that Plaintiff's due process rights had been violated by Defendants' imposition of an unconstitutional policy. *Miller*, 267 F.Supp.3d at 984. Subsequently, the University retracted its unconstitutional Policy, in order to "comply with the law" laid down by the Sixth Circuit in *Baum*. **Ex. A**, Pres. Schlissel Comments.  The *Baum* decision not only clarified what due process Plaintiff was entitled to, but determined that Defendants had deprived him

of these rights, and gave the University a roadmap to conformity with due process mandates.

In the distinguishable case of *Webster v. Sowders*, 846 F.2d 1032, 1036 (6th Cir. 1988), the Sixth Circuit found that the lower court improperly awarded interim attorney fees after it imposed a preliminary injunction against inmates being forced to conduct asbestos abatement. The Court reasoned that because the lower court doubted whether the plaintiffs would eventually be able to prevail on their Eighth Amendment claim (and indeed, it appeared substantially likely that plaintiffs' claim would ultimately fail), the award of the injunction was a "procedural victory," rather than a determination of the substantial rights underlying plaintiffs' claim which would have entitled them to interim relief. *Webster*, 846 F.2d at 1036-7. Webster's bid for interim fees failed because neither the lower court nor the Sixth Circuit made any determination of the nature of liability, or made a final determination as to legal right, which supported liability. Here, the court has indeed made a substantive ruling entitling Plaintiff to relief on the merits of his due process claim. The Sixth Circuit's holding is therefore by no means merely procedural. Plaintiff has prevailed on his due process claim, and is therefore entitled to interim relief.

    **2.**    **The Sixth Circuit's ruling in *Doe v. Baum* resulted in a judicially sanctioned change in the parties' relationship.**

In this case, Plaintiff did more than merely bring a lawsuit or achieve a symbolic victory. Instead, on appeal before the Sixth Circuit, Plaintiff achieved a "judicially sanctioned change in the legal relationship of the parties." *Woods v. Willis*, 631 F. App'x 359, 363–65 (6th Cir. 2015) (internal citations omitted). A material change in the parties' legal relationship is one that directly benefits a plaintiff by modifying the defendant's behavior towards him. *McQueary v. Conway*, 614 F.3d 591, 598 (6th Cir. 2010) (internal citations omitted). The Sixth Circuit materially altered the parties' legal relationship by holding that the University's sexual misconduct policy was unconstitutional. As a result, the University was judicially obligated to conform its adjudicatory procedure to the Sixth Circuit's mandate that in cases hinging on credibility, accused students must be afforded a live hearing and the opportunity for cross examination. *Baum* materially altered the parties' legal relationship.

In *Woods*, 631 F. App'x at 363–65 (6th Cir. 2015), the Sixth Circuit held that a plaintiff who prevailed in obtaining an injunction preventing defendant from violating her due process rights properly obtained interim relief. Like in the instant case, the relief obtained in *Woods* extended to the manner in which those violations had been committed, including any potential future hearings that defendant might conduct regarding plaintiff. Here, Plaintiff's relief extends not merely to further hearings that might be held in connection with the claim against him, but also to

8

those lodged against all students at the University of Michigan, and indeed, throughout the Sixth Circuit. Under the *Woods* Court's reasoning, Plaintiff has indeed achieved a judicially-sanctioned, material alteration in the legal relationship between the parties. *Id.* at 365.

Defendants previously cited to the distinguishable case of *Sole v. Wyner*, 551 US 74 (2007) in support of their contention that Plaintiff is not entitled to interim fees and costs. However, *Sole* is so factually dissimilar from the instant case that it is not instructive. In *Sole*, plaintiff obtained a preliminary injunction, but was ultimately denied a permanent injunction after a dispositive adjudication on the merits. *Sole*, 551 US at 78. The Court ruled that where a claimant's initial success is undone, her earlier transient victory does not entitle her to interim fees and costs. *Id.* The Court held that the eventual ruling on the merits for defendants was "of controlling importance" and superseded the preliminary ruling in plaintiff's favor. *Id.* at 84. "At the end of the fray, Florida's Bathing Suit Rule remained intact, and Wyner had gained no enduring change in the legal relationship between herself and the state officials she sued." *Id.* at 86.

The instant case is entirely distinguishable from *Sole*. Here, the Sixth Circuit unambiguously declared that Defendants' Policy was unconstitutional. Defendants went on to admit that they violated Plaintiff's right to due process when they denied him a live hearing and the opportunity to cross examine Claimant and other

witnesses before finding against him, forcing him to withdraw, and imposing other sanctions. Petition for Rehearing, Case 17-2213, RE 49, p. 8.

Indeed, according to University President Mark Schlissel, Defendants have, as a direct result of the Sixth Circuit's ruling in *Baum*, been irrevocably forced to remove the unconstitutional Policy and replace it with another set of procedures.

On January 29, 2019, Schlissel issued a "letter to the community," summarizing the University's response to the Sixth Circuit's mandate in *Doe v. Baum,* 903 F.3d 575, 578 (6th Cir. 2018), namely that the University was required by law to reframe its procedure to include a live hearing and cross-examination. **Ex. A**, Pres. Schlissel Comments.

> **"Revised student sexual misconduct policy and procedures"**
> Last semester, U-M revised its student sexual misconduct policy and procedures (https://record.umich.edu/articles/student-sexual-misconduct-policy-include-person-hearing) based on a court ruling (https://record.umich.edu/articles/student-sexual-misconduct-policy-include-person-hearing) by the U.S. Sixth Circuit Court of Appeals. The court ruled that a public university must give an accused student an in-person hearing when credibility is at issue in sexual misconduct cases and provide the opportunity for the accused student or their adviser to cross-examine the accuser and witnesses."

Defendants have unquestionably conceded that Plaintiff prevailed on the merits of his due process claim, and admitted that they took involuntary corrective action at the behest of the Sixth Circuit. The ruling in *Baum* demonstrably altered the parties' relationship in Plaintiff's favor. He is therefore entitled to interim fees and costs concerning his due process claim.

The question of whether interim relief is appropriate hinges very simply on whether the plaintiff won on at least one claim. *Woods*, 631 F. App'x at at 364 (internal citations omitted). "A plaintiff crosses the threshold to 'prevailing party' status by succeeding on a single claim, even if he loses on several others and even if that limited success does not grant him the 'primary relief' he sought." *Miller*, 267 F.Supp.3d at 979 (internal citations omitted). Plaintiff won on his due process claim—the Sixth Circuit unambiguously held that the Policy Defendants applied to Plaintiff violated his constitutional right to due process. Accordingly, this cannot be characterized as a *de minimis* or purely "technical victory" insufficient to support prevailing party status. *Tex. State Teachers Ass'n,* 489 U.S. at 792, 109 S.Ct. 1486.

Defendants previously cited to the distinguishable case of *Radvansky v. City of Olmstead Falls* in support of their unpersuasive argument that Plaintiff is not entitled to interim attorney fees and costs. In that case, the Sixth Circuit found that plaintiff was not entitled to an award of interim fees because while he obtained a reversal of summary judgment because there **was a material issue of fact** that was a jury question he later lost **on the facts** before a jury. *Radvansky v. City of Olmstead Falls*, 496 F.3d 609, 619-20. There was no win on a constitutional issue of law, as there is here.  Rather, the reversal of summary judgment was a mere procedural victory that served as a waystation to his utter substantive defeat.

11

*Radvansky*, 496 F.3d at 620. Here no matter what happens going forward, Plaintiff has achieved a complete victory on the issue that his constitutional rights were violated as a matter of law, that the findings against him must be reversed, and if re-heard, a new policy and procedure providing a hearing and cross-exam will apply.

The instant case is instead akin to *Dorman et. al. v. Charter Township of Clinton,* 2018 WL 4358807 at *1 (E.D. Mich. Sept. 13, 2018). In that case, plaintiffs sued when they were prohibited from using "the Laurel Property" as a church. More than two years later, defendant agreed to permit plaintiffs to use the Laurel Property as a church. Accordingly, the parties submitted and the Court entered a "Stipulated Order Granting Plaintiffs Land Use Approval." *Dorman*, 2018 WL 4358807, at *1. Plaintiffs were entitled to interim fees and costs because they prevailed on an important matter in the case—their ability to use the Laurel Property as a church. *Id.* at *2.

**B.    The complexity and duration of Plaintiff's case also favor an award of interim fees.**

The Supreme Court has held that, in complex cases of long duration, delaying a fee award until the conclusion of litigation would work substantial hardship on plaintiffs and their counsel, and discourage the institution of actions that Congress intended to encourage by the passage of attorney fee statutes. *Bradley,* 416 U.S. at 723; *see also Webster*, 846 F.2d at 1036.

12

Accordingly, this Court should also consider these factors, which support an award of interim costs and fees in the instant case.

As in *Dorman,* 2018 WL 4358807 at *1 (E.D. Mich. Sept. 13, 2018), the complexity and duration of Plaintiff's case also favor an award of interim fees. This case undisputedly raised challenging and important due process issues that have been identified and explored before the Sixth Circuit Court of Appeals. Furthermore, the two-and-a-half year long duration of this case has required Plaintiff to expend considerable amounts of his own personal resources in legal fees in his efforts to obtain relief from Defendants' admitted constitutional violations.

## V.    PLAINTIFF'S REASONABLE ATTORNEY FEES AND COSTS

A "reasonable" fee is one that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). In making this determination, the Court should apply the lodestar method. *Perdue*, 559 U.S. at 552.

### A.    Plaintiff's Lodestar Amount

First, the Court should multiply the number of hours reasonably expended on the case by a reasonable hourly rate. *Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005). Typically, where cases have been ongoing for a number of years, the Court applies the current or prevailing market rate. *Barnes*, 401 F.3d at

745. The prevailing market rate is the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record. *Ne. Ohio Coal. For the Homeless v. Hustead*, 831 F.3d 686, 715 (6th Cir. 2016)(citing *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)). Accordingly, a court may look to a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests. *Hustead*, 831 F.3d at 715. It is the burden of the party seeking attorney fees to adequately document and submit evidence supporting the hours worked. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining the reasonableness of the fee charged and the hours incurred, the Court is to consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hamlin v. Charter Township of Flint*, 165 F.3d 426 (6th Cir. 1999), *citing Hensley,* 461 U.S. 424, 430 n.3; *Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir.2004)

14

(quoting *Hensley,* 461 U.S. at 434 n. 9 and noting factors are subsumed in lodestar).

Plaintiff's attorneys' verified time records are attached as **Exhibit B**. The following factors demonstrate the reasonableness of these fees.

### (1) The professional standing and experience of the attorney(s)

In order to determine whether the hourly rates claimed are reasonable, the court looks to "rates prevailing in the community for similar services by lawyers of reasonably comparable **skill, experience and reputation**." *Blum v. Stenson*, 465 U.S. 886, 896, n. 11 (1984). An analysis of these factors and Ms. Gordon's background shows that her hourly fee of $550 is entirely reasonable. Ms. Gordon has been a practicing trial attorney for 42 years, specializing throughout that time in employment discrimination and civil rights violations. **Exhibit D**, Gordon C.V. She previously worked as an Assistant Attorney General, Civil Rights and Civil Liberties Division, for the State of Michigan, and as a trial attorney for the Equal Employment Opportunity Commission. She has been in private practice since 1980. She has been a member and officer of numerous professional organizations. She also has frequently lectured on employment and trial topics, and has contributed to a number of books in these areas.

Ms. Gordon has been  listed in *The Best Lawyers in America*, Woodward and White, 1987-2019, as one of the top lawyers in Michigan; and was listed in

15

*Michigan Super Lawyers* as one of the top 10 attorneys in Michigan. The firm of Deborah Gordon Law was listed among the "Best Law Firms" of 2016 by U.S. News and World Reports. She has tried approximately 25 employment or civil rights cases to verdict, and has obtained several multi-million dollar verdicts. Gordon has been a cooperating, *pro bono* attorney for the ACLU of Michigan in several important civil rights cases, including *Sitz v. Michigan State Police,* 443 Mich. 744 (1993), which resulted in the prohibition of  drunk driving road blocks in the State of Michigan. Many of Gordon's cases have received media attention, some national, because of their importance to the public interest.

Over a decade ago, Judge Paul Borman recognized in *Shuster v. Daimler Chrysler Corp.*, 01-70443 that Deborah Gordon was both "**experienced and regarded** counsel in this field." **Ex. E**. The next year, Judge Steeh also recognized Ms. Gordon as "an **experienced and highly regarded** counsel in the field," and he approved a rate then above the 95th percentile of other local practitioners. **Ex. F.** In 2009, Judge Battani awarded Gordon $400/hour. **Exhibit G**. In 2012, Judge Barry Howard awarded Gordon $450 per hour. **Exhibit H.** In 2017, Judge Hood awarded Gordon $500 per hour. **Ex. I**.

In 2011, Judges of this District recognized that $550 an hour is "comparable to the rates charged by the most experienced and accomplished attorneys in the Detroit metropolitan area." *Flagg v. City of Detroit*, 2011 WL 6131073 (E.D.

16

Mich. 2011). As Ms. Gordon is recognized in that top-most echelon of practitioners in this area, she requests a fee of $550 per hour.

Plaintiff also claims $350 an hour for the work performed by Irina Vaynerman, an associate attorney at Deborah Gordon Law. Ms. Vaynerman, a graduate of Harvard University and Yale Law School joined Deborah Gordon Law in 2016, after clerking for the Hon. Susan Richard Nelson of the District of Minnesota, and the Hon. Diana E. Murphy of the U.S. Court of Appeals for the Eighth Circuit. Ms. Vaynerman has co-authored works covering discrimination and civil rights, and interned for the Michigan Marriage Equality Litigation organization, Gay & Lesbian Advocates & Defenders (GLAD), the NAACP Legal and Education Defense Fund, and the Department of Justice's Civil Rights Division. Ms. Vaynerman left the firm of Deborah Gordon Law in 2018, and presently serves as the Deputy Commissioner for Minnesota's Department of Human Rights. **Ex. J,** Vaynerman C.V.

Plaintiff further claims $350 an hour for the services of Ann Arbor attorney Douglas Mullkoff. Mullkoff's distinguished career as a one of the Michigan's most prominent defense attorneys spans over thirty years. He has received many awards and distinctions throughout this time, and currently holds the highest available AV rating by the national Martindale-Hubbell Law Directory. Mullkoff was retained to

assist with Plaintiff's participation in the University's unconstitutional investigatory and appeals process. **Ex. K,** Mullkoff Fees.

The rates claimed by Plaintiff are also consistent with the State Bar of Michigan Survey on the Economics of Law Practice, **Ex. L,** 2017 State Bar Econ. of Law Practice at 4, 6, which analyzes billing rates as follows:

By Field of Practice

|  | Mean | 95th Percentile |
| --- | --- | --- |
| Labor & Employment Law | $301 | $550 |
| Personal Injury (Pltf) | $362 | $600 |
| Other Civil Law | $272 | $552 |

By Years in Practice

|  | Mean | 95th Percentile |
| --- | --- | --- |
| Greater than 35 years of practice | $284 | $510 |

**(2) Skill, time, and labor involved**

The time and labor involved in obtaining the Sixth Circuit's decision in *Baum* were immense. Plaintiff was forced to file a complex and detailed motion for a temporary restraining order, respond to a motion to dismiss, and file motions proceed under pseudonym, oppose the stay of discovery on immunity grounds, and for reconsideration. These pleadings applied multifaceted and nuanced legal frameworks to a complex fact pattern that evolved over the course of years. Ultimately, Plaintiff's counsel had to brief and argue Plaintiff's defense against Defendants' motion to dismiss before the Sixth Circuit.

Plaintiff's lead counsel, Deborah Gordon, devoted her time and energy almost exclusively to this case in the weeks preceding her dispositive oral and written arguments before the U.S. District Court and Court of Appeals. While Defendants were represented by two large corporate law firms, by contrast, Deborah Gordon argued her case before the U.S. District Court and Sixth Circuit Court of Appeals alone.

Verified time records for Deborah Gordon Law are attached, **Exhibit B.** All time expended was reasonable and necessary to the processing of this case. *Id.* In fact, the hours expended by Deborah Gordon Law in this matter are understated. As set forth in that verification, the actual hours expended by the firm are significantly higher than those documented in the attached time sheets, as Plaintiff's counsel spent countless additional hours, not tracked by the firm, in phone calls with the client, discussions between counsel about the case, etc.

**(3) The amount in question and the results achieved**

When the Court is assessing attorney fees, "the most crucial factor is the degree of success attained." *Hensley*, 461 U.S. at 436. Although district courts have discretion in determining the proper award, they must "consider the relationship between the extent of success and the amount of the fee award." *Id.* at 438. The "significance of the overall relief obtained by the plaintiff" influences the reasonableness of the time expended on the litigation. *Id.* at 435. As set forth

19

above, Plaintiff obtained an excellent result on his due process claim, namely, a finding that Defendants violated his constitutional right to due process, and a Sixth Circuit holding compelling Defendants and other institutions in the Sixth Circuit to implement procedures to adjudicate claims of sexual misconduct that provide a hearing and cross-examination.

### (4) The difficulty of the case

This case was difficult given that it involved a complicated set of facts, scores of witnesses and other concerned individuals, and a convoluted, multi-phase university adjudicatory process. The dispositive issues in this case also hinged on nuanced aspects of constitutional and statutory law. As set forth above, Plaintiff was forced to file a complex and detailed motion for a temporary restraining order, respond to Defendant's motion to dismiss, and move the Court to proceed under pseudonym, oppose the stay of discovery on immunity grounds, and for reconsideration. Ultimately, Plaintiff's counsel had to brief and argue Plaintiff's defense against Defendants' motion to dismiss before the Sixth Circuit, which involved numerous hours of research and preparation. While Defendants brought the full force of their financial resources to bear on this case, and eventually hired two large corporate defense firms, Plaintiff's two attorneys—Gordon and Vaynerman shouldered this demanding case load by themselves. The difficulty of this case also weighs in favor of a fully compensatory award.

**(5) The undesirability of the case**

Plaintiff's counsel's office took a substantial risk in accepting this case, given the deference typically afforded academic institutions in dismissal decisions, the dearth of case law involving a withdrawn student successfully challenging the circumstances leading up to his separation from the university, and the sheer optics of defending the innocence and procedural rights of someone accused of sexual assault in the "Me Too" era. In the end, Plaintiff's attorneys took his case based on a firm conviction that his ouster from the university had been a travesty that cried out for legal redress. Plaintiff's office submits that, given the current political climate, few firms are willing to take on the risk and expense of pursuing student dismissal cases involving allegations of sexual assault, given the significant hurdles that must be overcome, and the attendant risks and expense of pursuing this type of claim.

**(6) The expenses incurred**

As Plaintiff's Verified Costs Itemization reveals, Plaintiff invested over $9,986.23 in costs in this matter to lodge and defend his due process claim. Plaintiff seeks recompense for all attorney fees and costs associated with this substantial investment.

**(7) The nature and length of the professional relationship with the client**

21

Plaintiff and Plaintiff's counsel have had an attorney-client relationship for over two years. A fee agreement exists providing for a fee contingent upon a successful outcome of the litigation, but the many hours Ms. Gordon logged prior to the filing of the original complaint were conducted on the basis of an hourly fee. The *Hamlin* and *Wood* factors favor the award of attorney fees to Plaintiff in this matter. Plaintiff unquestionably obtained a very good result at trial. Plaintiff also relies on the Court's own evaluation as to Plaintiff's counsel's skill, the time and labor involved in this case, and the results obtained.

### B.    Adjustments to Plaintiff's Lodestar Amount

Second, the lodestar amount may be adjusted up or down to "reflect relevant considerations peculiar to the subject litigation. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). However, there is a "strong presumption" favoring the prevailing attorney's entitlement to her lodestar fee. *Adcock-Ladd*, 227 F.3d at 349. Accordingly, modifications to the lodestar are only proper in "rare" and "exceptional" circumstances supported by both "specific evidence on the record and detailed findings." *Id*. (internal citations omitted).

Because at this time Plaintiff seeks interim fees relative to his meritorious due process claim alone, it is not appropriate to adjust the fee award downward for claims whose merits have yet to be decided. The Court should award the fees that are reasonable in relation to the results obtained. *Hensley*, 461 U.S. at 434. In this

case, although claims remain outstanding against Defendants, Plaintiff has achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *Id.* at 440.

Here, Plaintiff obtained "excellent" results. *Id.* at 435. Plaintiff sought the exact result he obtained in *Baum*: a holding that Defendants' policy was unconstitutional, and that his due process rights had been violated. Not only did Plaintiff achieve these results for himself, but *Baum*'s mandate now applies to all public universities in the Sixth Circuit. Because of the relief Plaintiff obtained, policies governing the adjudication of sexual misconduct complaints, Defendants' included, are now changing all over the Circuit. Considering the relief Plaintiff obtained, a fully compensatory attorney fee award is warranted.

These results render it appropriate for a fee enhancement of at least 10%. Fee enhancements have been deemed appropriate to reflect the risk of underpayment or nonpayment assumed in taking a case on a contingency basis, and as necessary to attract counsel to take on discrimination cases. *See Palmer v. Shultz*, 679 F.Supp. 68 (D.D.C.1988) (awarding 50% enhancement).

In *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624 (6th Cir. 1979), *cert denied*, 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862(1980), the court explained the rationale of fee enhancements in civil rights cases:

> "An attorney's regular hourly billing is based upon an expectation of payment, win, lose or draw. If her or she will only be paid in the event of

victory, those rates will be adjusted upward to compensate for the risk the attorney is accepting of not being paid at all .... The contingency factor is not a 'bonus' but is part of the reasonable compensation in which a prevailing party's attorney is entitled [under the civil rights statute]." *Id.* at 638.

*See also Conklin v. Lively*, 834 F.2d 543, 553 (6th Cir. 1987) (attorneys' fee award may be enhanced to reflect the contingent nature upon which the case was taken; district court to make specific factual findings in support of its decision to enhance a fee based on the contingency factor).

In this case, Plaintiff's counsel took a risk in accepting this case. Plaintiff's goal was to obtain a finding that Defendants violated his due process rights in reversing the OIE's conclusion that he was not responsible for the alleged sexual assault of Claimant, and in forcing him to withdraw from the University without the opportunity for a live hearing or cross-examination of witnesses. Given the attendant circumstances, the prospect of Plaintiff's counsel receiving her contingent fee in this case was uncertain. Accordingly, this is a case where a fee enhancement is appropriate to attract counsel in similar cases with similar risks and/or money damages that initially appear questionable or unlikely. *Id.*

## VI.  CONCLUSION

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order holding that Plaintiff is a prevailing party for the purposes of obtaining an interim fee award, and accordingly that Plaintiff is entitled to a fully compensatory award of interim attorney fees and costs including:

D.  Attorney fees (Deborah Gordon Law) in the amount of $326,824.50. **Ex. B**.

E.  Costs (Deborah Gordon Law) in the amount of $9,986.23. **Ex. C.**

F.  An attorney fee enhancement of at least 10% due to the nature of this case and the relief Plaintiff has obtained.

Plaintiff further requests oral argument regarding the relief requested in the instant Motion and brief.

Respectfully submitted,
**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Attorney for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
Dated: March 26, 2019                (248) 258-2500

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Attorney for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500