# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**JOHN DOE**, *an individual*,

    Plaintiff,

vs.

**DAVID H. BAUM**, et al,

    Defendants.

Case No.  16-cv-13174
Hon. David M. Lawson
Mag. Stephanie Dawkins Davis

_____

| | |
|---|---|
| **DEBORAH GORDON LAW**<br>Deborah L. Gordon (P27058)<br>Attorney for Plaintiff<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan 48304<br>(248) 258-2500<br>dgordon@deborahgordonlaw.com | **MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**<br>Megan P. Norris (P39318)<br>Brian M. Schwartz (P69018)<br>Attorneys for Defendants<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>(313) 963-6420<br>norris@millercanfield.com<br>schwartz@millercanfield.com<br><br>**JENNER & BLOCK LLP**<br>David W. DeBruin (337626)<br>Attorneys for Defendants<br>1099 New York Ave., N.W., Ste 900<br>Washington, DC 20001<br>(202) 639-6015<br>ddebruin@jenner.com<br><br>**UNIVERSITY OF MICHIGAN OFFICE OF THE VICE PRESIDENT AND GENERAL COUNSEL**<br>Patricia M. Petrowski (P80361)<br>Attorneys for Defendants |

503 Thompson St. Room 5010<br>
Ann Arbor, MI 4810-1340<br>
(734) 734-0304<br>
ppetrows@umich.edu

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FRCP 56

NOW COMES Plaintiff John Doe, by and through his attorneys Deborah Gordon Law, and files his Motion for Partial Summary Judgment as to Count I of his Second Amended Complaint (Dkt. # 134).  Plaintiff specifically seeks summary judgment and the following relief:

1. A Partial Summary Judgment as to Count I in that there is no genuine dispute as to any material fact and Plaintiff is entitled to judgment as a matter of law.

2. A permanent injunction vacating the final result reached by the Appeals Board on May 25, 2016 and adopted by the University on June 13, 2016, and the sanctions Defendants thereafter imposed on Plaintiff as set forth in **Ex. A**.

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order Granting Plaintiff's Partial Motion for Summary Judgment.

Respectfully submitted,

**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Attorney for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500

Dated: April 1, 2019

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**JOHN DOE**, *an individual*,

    Plaintiff,

vs.

**DAVID H. BAUM**, et al,

    Defendants.

Case No.  16-cv-13174
Hon. David M. Lawson
Mag. Stephanie Dawkins Davis

_____

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Attorney for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**
Megan P. Norris (P39318)
Brian M. Schwartz (P69018)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
norris@millercanfield.com
schwartz@millercanfield.com

**JENNER & BLOCK LLP**
David W. DeBruin (337626)
Attorneys for Defendants
1099 New York Ave., N.W. Ste 900
Washington, DC 20001
(202) 639-6015
ddebruin@jenner.com

**UNIVERSITY OF MICHIGAN OFFICE OF THE VICE PRESIDENT AND GENERAL COUNSEL**
Patricia M. Petrowski (P80361)
Attorneys for Defendants
503 Thompson St. Room 5010
Ann Arbor, MI  4810-1340
(734) 734-0304
ppetrows@umich.edu

# TABLE OF CONTENTS

I.   OVERVIEW OF ARGUMENT AND REQUEST FOR RELIEF ................................ 1

II.  ARGUMENT ................................................................................................................ 4

    A.   Standard ............................................................................................................ 4

    B.   Defendants' Qualified Immunity Argument (Dkt. # 132, 133) Does Not Preclude Equitable or Injunctive Relief .................................................. 4

    C.   The Sixth Circuit Has Held That the Policy and Process Used to Find Against Plaintiff was Unconstitutional .................................................. 5

    D.   There is No Question of Fact as to Whether Doe was Denied a Live Hearing Including Cross Examination Thereby Violating his Due Process Rights; in addition, the Sixth Circuit has Ruled That the Decision Against Doe was Based on a "Credibility Determination." ................. 7

        1.   Admissions by Defendants .......................................................................... 7

        2.   The Sixth Circuit Found That the Decision Against Plaintiff Rested on a "Credibility Determination." ................................................ 10

III. CONCLUSION .......................................................................................................... 10

CERTIFICATE OF SERVICE ........................................................................................ 11

i

# INDEX OF AUTHORITIES

**Cases**                                                                                                  **Page**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1968) ........................................................................................4

*Bender v. Hecht's Dep't. Stores*,
    455 F.3d 612 (6th Cir. 2006) ............................................................................4

*Collyer v. Darling,*
    98 F.3d 211 (6th Cir. 1996) ...........................................................................4, 5

*Doe v. Baum,*
    903 F.3d 575 (6th Cir. 2018) .......................................................................Passim

*Smith v. Leis*,
    407 F. App'x 918 (6th Cir. 2011) .....................................................................4

# PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FRCP 56

## I.   OVERVIEW OF ARGUMENT AND REQUEST FOR RELIEF

This is an uncomplicated legal and factual argument. This Court is familiar with the factual background of the case.

Count I of Plaintiff's Complaint alleges a violation of 42 U.S.C. §1983. Doe was deprived of his property interest in his education when the Appeals Board, appointed by the Office of Student Conflict Resolutions ("OSCR") and consisting of Defendants Baum, Pritzel and Bentley, found that he had violated the University of Michigan Sexual Misconduct Policy (Dkt. # 6-2) without providing him an opportunity for cross-examination at a live hearing.  The Appeals Board process was overseen by the Director of OSCR, Defendant Wessel. The decision was approved by the Vice President of Student Affairs, Defendant Harper. (Dkt. # 6-5) Based on the Appeals Board's decision, Plaintiff was subject to sanctions administered by OSCR.  He was forced to withdraw from the University or risk being expelled.  On June 22, 2016, Doe received a letter from the Assistant Director of OSCR, Defendant Bazzy, stating that he had been "found Responsible for violating the University of Michigan Policy on Sexual Misconduct by Students (the Policy) through the Appeals Process." The letter set forth the sanctions to be implemented as part of Plaintiff's agreement to withdraw.  Dkt. # 107-2.  **Ex. A.**

1

On September 7, 2018, the Sixth Circuit Court of Appeals specifically addressed the University of Michigan Policy on Sexual Misconduct as it was applied to Plaintiff. *Doe v. Baum,* 903 F.3d 575 (6th Cir. 2018). The Court found that where credibility is at issue, a live hearing in front of the Appeals Board, including cross-examination, is required prior to the deprivation of a property interest in an education. Citing to the record before it, the Court found that credibility was an issue in the case brought against Doe, citing *R. 6-5 Pg. ID 274-75* (Appeals Board's Report and final decision dated May 25, 2016). *Baum*, 903 F.3d at 581-582.

Defendants have never argued that Doe received a live hearing, including the ability to cross-examine his accuser and witnesses. Rather, until the *Baum* decision, Defendants argued that their "investigative model," as outlined in the Sexual Misconduct Policy, was sufficient; however, *Baum* noted that "this circuit has already flatly reject that argument." *Baum*, at 582. Then, on September 24, 2018, in their Petition for Rehearing and Rehearing *En Banc*, Defendants stated, "[a]ppellees are no longer contesting whether the investigative model they have used to date is sufficient, and understand that **they must provide students in Title IX cases with a live hearing including cross-examination**." (emphasis added) (COA Doc. 49-1, Petition for Rehearing, Case 17-2213, p. 8).

2

In addition to the foregoing, as set forth below, Defendants admit in their Answer to Plaintiff's Second Amended Complaint that:

- The Appeals Board found that Plaintiff violated the Sexual Misconduct Policy, and

- Plaintiff was not provided with an opportunity to cross-examine his accuser at a live hearing prior to the Appeals Board's decision.

Further and as noted above, the Sixth Circuit, citing to the record before it, found that the Appeals Board's decision rested on a credibility determination. Finally, it is uncontested that Plaintiff has not been a student at the University since June 2016.

Plaintiff now seeks an Order from this Court granting Partial Summary Judgment as to Count I, returning him to the status quo ante prior to the constitutional deprivation, ordering that:

1. Plaintiff was deprived of due process of law when he was found by the Appeals Board, with approval of the Vice President of Student Affairs, to have violated the Sexual Misconduct Policy without first being provided with a live hearing including cross-examination;

2. A permanent injunction shall issue vacating the findings against Plaintiff; and

3. The sanctions imposed upon Plaintiff as a result of the findings against him, as set forth in Dkt. #107-2, are vacated in their entirety.

Plaintiff does not seek (nor could he) a determination by this Court as to whether he violated the Policy on Sexual Misconduct. Nor does Plaintiff seek in this Motion that the Court construct a remedy beyond what is requested above. Rather, other remedies, including equitable and legal relief should be determined after additional factual and legal determinations, which will likely need to be briefed.

## II. ARGUMENT

### A. Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Bender v. Hecht's Dep't. Stores*, 455 F.3d 612, 619-20 (6th Cir. 2006) (quoting Fed. R. Civ. P. 56(c)). It is well-settled that the existence of a "mere scintilla of evidence" supporting a party's position will not suffice. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968).

### B. Defendants' Qualified Immunity Argument (Dkt. # 132, 133) Does Not Preclude Equitable or Injunctive Relief.

In this Motion Plaintiff seeks only non-monetary relief, specifically injunctive and equitable relief. This relief is not affected by the defense of qualified immunity. *Smith v. Leis*, 407 F. App'x 918, 930 (6th Cir. 2011) ("[A] court could award both declaratory and injunctive relief in an action against a defendant protected by qualified immunity."); *Collyer v. Darling,* 98 F.3d 211, 222

4

(6th Cir. 1996) ("[I]mmunity only precludes claims for monetary damages against officials in their individual capacities, and not claims for injunctive or declaratory relief."). As such, qualified immunity is in no way a bar to the granting of this motion and the relief requested at this point. Plaintiff reserves the right to seek other remedies at a later time after further briefing and factual development, if necessary. If those remedies seek legal relief Plaintiff anticipates that Defendants would bring its motion as to qualified immunity at that time.

### C. The Sixth Circuit Has Held That the Policy and Process Used to Find Against Plaintiff was Unconstitutional.

Defendants filed a Motion to Dismiss Plaintiff's claims on October 21, 2016 (Dkt. # 56), which the Court granted on January 5, 2017 (Dkt. # 74). Plaintiff appealed this decision to the Sixth Circuit, where it was overturned. *Doe v. Baum,* 903 F.3d 575 (6th Cir. 2018).

The Sixth Circuit made the following findings specific to this Motion:

1. "The district court dismissed [Plaintiff's] claim finding that even if credibility was at issue, the university's failure to allow for cross-examination was immaterial in Doe's case. R. 74, Pg. ID 2871. We disagree." *Id.* at 581.

2. "Our circuit has made two things clear: (1) if a student is accused of misconduct, **the university must hold some sort of hearing before imposing a sanction as serious as expulsion or suspension**, and (2) **when the university's determination turns on the credibility of the accuser, the accused, or witnesses, that hearing must include an opportunity for cross-examination.**" *Id*. (emphasis added).

5

3. "**The university's decision rested on a credibility determination: the Board found Doe responsible after concluding that Roe and her witnesses were 'more credible' than Doe and his.** R. 6-5, Pg. ID 274-75." *Id*. at 581-582 (emphasis added).

4. "As it turns out, the university already provides for a hearing with cross-examination in all misconduct cases other than those involving sexual assault. So the administration already has all the resources it needs to facilitate cross-examination and knows how to oversee the process. And, importantly, the university identifies no substantial burden that would be imposed on it if it were required to provide an opportunity for cross-examination in this context." *Id*. at 582.

5. "[The university claims] [Doe] was permitted to review [Complainant's] statement and submit a response identifying inconsistencies for the investigator. As such, the university claims that there would have been no added benefit to cross-examination. **But this circuit has already flatly rejected that argument.**" *Id*. (emphasis added).

6. **"Cross-examination is essential in cases like Doe's** because it does *more* than uncover inconsistencies –it 'takes aim at credibility like no other procedural device.'" *Baum,* 903 F.3d at 582 (emphasis added).

7. "…[T]he university must allow for some form of *live* questioning *in front of* the fact-finder." *Id*. at 583.

8. "*University of Cincinnati* is consistent with our conclusion today: **if credibility is in dispute and material to the outcome, due process requires cross-examination.**" *Id*. at 584 (emphasis added).

Based on the foregoing citations from *Baum,* the law of this Circuit is clear; where credibility is at stake, a live hearing and cross-examination is required. Moreover, the Court found that Doe's interest in his property right was "significant" and the University's burden to provide due process was "minimal." *Id*. at 582. It is uncontested that Doe was deprived of a live hearing with cross-

examination, that the Appeals Board had the ability to make the final determination and did so, and that the Appeals Board never met either party or any witness.

> **D.    There is No Question of Fact as to Whether Doe was Denied a Live Hearing Including Cross Examination, Thereby Violating his Due Process Rights; in addition, the Sixth Circuit has Ruled That the Decision Against Doe was Based on a "Credibility Determination".**
>
>    **1.    Admissions by Defendants**

As noted above, Defendants have never argued that Plaintiff was provided a live hearing and cross-examination. Then, post *Baum*, on September 24, 2018, in their Petition for Rehearing and Rehearing En Banc, Defendants admitted that their process was unconstitutional, stating "[a]ppellees are no longer contesting whether the investigative model they have used to date is sufficient, and understand that they must provide students in Title IX cases with a live hearing including cross-examination." (emphasis added) (COA DOC. 49-1 Petition for Rehearing, Case 17-2213, p. 84).

On March 25, 2019, Defendants filed their Answer to Plaintiff's Second Amended Complaint (Dkt. # 134). The following answers, which directly track the requirements for due process set forth in *Baum,* are further admissions that there is no question of fact remaining:

> ¶ 45. Per the policy, Plaintiff was provided with no notice of the allegations against him, no hearing and no ability to put questions to his accuser or witnesses. He was never given the names of witnesses.

7

He was provided with only one private meeting with the Investigator on January 29, 2016.

**Answer: … It is admitted that Plaintiff did not have an ability to ask questions directly to Complainant or other witnesses … It is also admitted that the OIE Report does not identify witnesses by name...**

(Dkt. # 134, Page ID 4494, p. 21)

¶ 85.  The Appeals Board never met with, talked to or questioned the parties or the witnesses. Plaintiff was not allowed to appear in front of the Board. Nonetheless, per the Sexual Misconduct Policy, the Appeals Board was imbued with the authority to unilaterally reverse the findings in fact of Plaintiff …

**ANSWER: … It is admitted that the Appeals Board did not meet with, talk to, or question the Complainant, Plaintiff, or other witnesses …  It is also admitted that the Appeals Board had the authority to reverse the OIE decision based on specific grounds set forth in the Sexual Misconduct Policy…**

(Dkt. # 134, Page ID 4508, p. 35)

¶ 91.  … [T]he Appeals Board issued a decision, finding that Plaintiff has violated the Sexual Misconduct Policy.

**ANSWER**: **… It is admitted that the Appeals Board issued a decision finding that Plaintiff has violated the Sexual Misconduct Policy.**

(Dkt. # 134, Page ID 4509-10 p. 36-37)

¶ 92. Defendant Harper accepted the Board's recommendations on June 13, 2019.

**ANSWER**: **Admitted**.

(Dkt. # 134, Page ID 4510, p. 37)

8

Finally, it is uncontested that the sanctions against Plaintiff are as follows and that there has been no revocation of this of this document or any of its terms as of today's date:

> You are prohibited from having any contact, or on off campus, with Complainant] or her family. This includes, but is not limited to, contact occurring via any of the following methods: in person (e.g., at activities, events, or classes); third party (e.g., friends, acquaintances, or family members); telephone, including text messaging; e-mail; instant messenger (such as Gmail chat); Facebook, Twitter or any other social networking site; skype; mail, including delivery services; gifts or other materials. Failure to honor this no contact restriction by doing everything reasonably possible to avoid contact with [Complainant] could result in additional complaints with the University of Michigan.
>
> Permanent Voluntary Separation Effective Immediately:
>
> If the terms of this agreement are accepted, you will be separated from the University of Michigan effective immediately. As part of this separation, you will be permanently prohibited from registering or enrolling in any University of Michigan course or program. For the duration of the Complainant's affiliation with the University of Michigan you will be prohibited from attending University of Michigan sponsored events, from accessing University of Michigan property or facilities, unless reasonably needed for a health or safety emergency. Thereafter, should you require re-evaluation of this prohibition for any reason you may provide a written request to the Office of Student Conflict Resolution (OSCR) for review. If you are found in violation of the terms of this permanent separation, further action may be taken through the University of Michigan Police Department (UMPD).
>
> Additionally, your University network access and email will be disabled as well as any other privileges you were granted as a University of Michigan Student. You will not be permitted to return as a volunteer, consultant, mentor, or fellow at the University of Michigan in any capacity. A disciplinary record can be maintained by

the Office of Student Conflict Resolution indefinitely in cases resulting in permanent separation from the University.

Notification to Future Schools or Employers (Advised):

Many graduate schools and employers require that applicants disclose information regarding their prior disciplinary history to the school, employer, or entity upon application or as soon as the information becomes known to the applicant. You may have an obligation to disclose this matter in order to remain in compliance with applicable law or policy, and is advised to make this disclosure in the future as appropriate and in a manner that authentically represents the behavior for which he has been found responsible. If the University of Michigan is contacted with questions about a student's disciplinary history, the University may need to provide appropriate information in response, as permitted by the Family Educational Rights and Privacy Act (FERPA)."    **Ex. A., June 22, 2016 letter signed by Defendant Bazzy**. (Dkt. # 107-2).

### 2. The Sixth Circuit Found That the Decision Against Plaintiff Rested on a "Credibility Determination."

The Sixth Circuit has ruled, based on the record before it, that "[t]he university's decision rested on a credibility determination: the Board found Doe responsible after concluding that Roe and her witnesses were 'more credible' than Doe and his. R. 6-5, Pg. ID 274-75." *Baum,* 903 F.3d at 581-582.

### III.   CONCLUSION

The legal standard for this case has been clearly established; the pertinent facts are uncontested and/or admitted.  Plaintiff is entitled to Partial Summary Judgment as to Count I.

10

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order Granting Plaintiff's Partial Motion for Summary Judgment.

Dated: April 1, 2019          Respectfully submitted,

**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Attorney for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2019, I electronically filed the foregoing document and Exhibit with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Attorney for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500