**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JOHN DOE**, an individual,

                Plaintiff,

vs.

**DAVID H. BAUM, SUSAN PRITZEL, TABITHA BENTLEY, NADIA BAZZY, E. ROYSTER HARPER, ERIK WESSEL, ANTHONY WALESBY**, and **JEFFERY FRUMKIN, ROBERT SELLERS**, *employees of the University of Michigan, sued in his or her personal and official capacities, jointly and severally*, and **UNIVERSITY OF MICHIGAN, BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN**, a constitutional corporate body,

                Defendants.

Case No. 2:16-cv-13174
Hon. David A. Lawson

---

| | |
|---|---|
| **DEBORAH GORDON LAW**<br>Deborah L. Gordon (P27058)<br>Elizabeth A. Marzotto Taylor (P82061)<br>Andrea M. Van Hoven (P78856)<br>Alana A. Karbal (P82908)<br>Attorneys for Plaintiff<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan 48304<br>(248) 258-2500<br>dgordon@deborahgordonlaw.com<br>emarzottotaylor@deborahgordonlaw.com<br>avanhoven@deborahgordonlaw.com<br>akarbal@deborahgordonlaw.com | **MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**<br>Megan P. Norris (P39318)<br>Brian M. Schwartz (P69018)<br>Attorneys for Defendants<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>(313) 963-6420<br>norris@millercanfield.com<br>schwartz@millercanfield.com<br><br>**JENNER & BLOCK LLP**<br>David W. DeBruin (337626)<br>Attorneys for Defendants<br>1099 New York Ave., N.W., Suite 900<br>Washington, DC 20001<br>(202) 639-6015<br>ddebruin@jenner.com |

---

**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER REGARDING NOTICED DEPOSITIONS**

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**JOHN DOE**, an individual,

    Plaintiff,

vs.

**DAVID H. BAUM, SUSAN PRITZEL, TABITHA BENTLEY, NADIA BAZZY, E. ROYSTER HARPER, ERIK WESSEL, ANTHONY WALESBY**, and **JEFFERY FRUMKIN, ROBERT SELLERS**, *employees of the University of Michigan, sued in his or her personal and official capacities, jointly and severally*, and **UNIVERSITY OF MICHIGAN, BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN**, a constitutional corporate body,

    Defendants.

Case No. 2:16-cv-13174
Hon. David A. Lawson, D.J.
Hon. Stephanie Dawkins Davis, M.J.

**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
REGARDING NOTICED DEPOSITIONS**

Defendants David H. Baum, Susan Pritzel, Tabitha Bentley, Nadia Bazzy, E. Royster Harper, Erik Wessel, Anthony Walesby, Jeffrey Frumkin, and Robert Sellers (collectively the "Individual Defendants"), University of Michigan (the "University"), and Board of Regents of the University of Michigan, through their counsel and pursuant to Federal Rule of Civil Procedure 26(c), move this Court for entry of a protective order regarding Plaintiff's Notice of Taking Depositions of five Individual Defendants: David H. Baum, Susan Pritzel, Nadia Bazzy, E. Royster

Harper, and Robert Sellers.  The good cause supporting this Motion is explained in the attached Memorandum.

Pursuant to Federal Rule of Civil Procedure 26(c)(1) and Local Rule 7.1(a), there was a conference between Defendants' counsel and Plaintiff's counsel via email on June 12, 2019 and June 17, 2019, in which Defendants' counsel attempted to resolve this dispute in good faith without Court action.  Defendants' counsel sought concurrence from Plaintiff's counsel regarding Defendants' request to postpone the noticed depositions.  Plaintiff's counsel did not concur in the relief sought herein.

WHEREFORE, Defendants request that the Court enter a protective order postponing the noticed depositions until after this Court resolves the pending motions and enters an Order governing discovery in this matter.

                                        Respectfully submitted,

Date:  June 20, 2019            /s/ *David W. DeBruin*
                                        David W. DeBruin
                                        Jenner & Block LLP
                                        1099 New York Avenue, N.W., Suite 900
                                        Washington, DC 20001
                                        202-639-6015
                                        ddebruin@jenner.com

                                        Brian M. Schwartz (P69018)
                                        Miller, Canfield, Paddock and Stone, P.L.C.
                                        150 West Jefferson, Suite 2500
                                        Detroit, MI  48226
                                        313-963-6420
                                        schwartz@millercanfield.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **JOHN DOE**, an individual, | Case No. 2:16-cv-13174 |
| | Hon. David A. Lawson, D.J. |
| Plaintiff, | Hon. Stephanie Dawkins Davis, M.J. |
| vs. | |
| **DAVID H. BAUM, SUSAN PRITZEL, TABITHA BENTLEY, NADIA BAZZY, E. ROYSTER HARPER, ERIK WESSEL, ANTHONY WALESBY**, and **JEFFERY FRUMKIN, ROBERT SELLERS**, *employees of the University of Michigan, sued in his or her personal and official capacities, jointly and severally*, and **UNIVERSITY OF MICHIGAN, BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN**, a constitutional corporate body, | |
| Defendants. | |

| | |
|---|---|
| **DEBORAH GORDON LAW** | **MILLER, CANFIELD, PADDOCK** |
| Deborah L. Gordon (P27058) | **AND STONE, P.L.C.** |
| Elizabeth A. Marzotto Taylor (P82061) | Megan P. Norris (P39318) |
| Andrea M. Van Hoven (P78856) | Brian M. Schwartz (P69018) |
| Alana A. Karbal (P82908) | Attorneys for Defendants |
| Attorneys for Plaintiff | 150 West Jefferson, Suite 2500 |
| 33 Bloomfield Hills Parkway, Suite 220 | Detroit, Michigan 48226 |
| Bloomfield Hills, Michigan 48304 | (313) 963-6420 |
| (248) 258-2500 | norris@millercanfield.com |
| dgordon@deborahgordonlaw.com | schwartz@millercanfield.com |
| emarzottotaylor@deborahgordonlaw.com | |
| avanhoven@deborahgordonlaw.com | **JENNER & BLOCK LLP** |
| akarbal@deborahgordonlaw.com | David W. DeBruin (337626) |
| | Attorney for Defendants |
| | 1099 New York Ave., N.W., Suite 900 |
| | Washington, DC 20001 |
| | (202) 639-6015 |
| | ddebruin@jenner.com |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR A
PROTECTIVE ORDER REGARDING NOTICED DEPOSITIONS**

## INTRODUCTION

At the last hearing on February 14, 2019, the Court stated it would first issue an order on the motion pending at that time, and then would direct the parties as to when they could begin discovery. Indeed, the motion pending at that time, together with three other motions that have since been filed and are now fully briefed, will define the very nature of proceedings on remand. One of those motions raises the defense of qualified immunity, a doctrine with the express purpose of preventing the burdens on discovery from falling on state actors who had an appropriate basis for their conduct.

The Court has not yet issued its rulings. Nonetheless, Plaintiff recently served a notice of depositions for five of the Individual Defendants, and Plaintiff's counsel has refused Defendants' proposal that the depositions be postponed until the Court has ruled on pending motions. Although Defendants had hoped this issue could be resolved amicably between the parties, in light of Plaintiff's refusal, Defendants are forced to seek a protective order. Defendants respectfully request that the Court enter a protective order requiring that the depositions be postponed until after the Court has ruled on the pending motions, at which time they can proceed as appropriate based on this Court's rulings.

## BACKGROUND

Near the outset of this case, the Court stayed all discovery. *See* Dkt. No. 64 ("No discovery shall proceed until the Court enters a scheduling order."). The Court has not yet entered a scheduling order or otherwise lifted the stay.

This case was remanded by the Court of Appeals in a decision dated September 7, 2018. *See Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018). On December 13, 2018, Plaintiff filed a motion for interim relief. *See* Dkt. No. 110. Defendants filed an opposition on December 24, 2018. *See* Dkt. No. 117. On February 14, 2019, the Court conducted a hearing on Plaintiff's motion.

At the hearing, counsel for Defendants argued that "the holding of the Sixth Circuit is, we didn't adjudicate [the complaint against Plaintiff] properly, so the remedy is, and we concede, that we should be required to adjudicate it in an appropriate way. We're prepared to do that." *See* Transcript of Hearing, at 30 (Feb. 14, 2019), attached as Exhibit A. In light of Defendants' concession that a new hearing of some form was required on the allegations of sexual misconduct made against Plaintiff, Defendants' counsel argued that discovery on Plaintiff's Title IX claim was unnecessary and inappropriate: "So to have extensive discovery going to the previous decision of the appeals board and whether that was motivated by some bias of David Baum or any other member of the board is, in large measure, irrelevant, because no one is resting on that decision." *Id.* at 47. Counsel urged that as to any

potential damages, the case first should be remanded to the University for a new hearing because "what those damages may be may very heavily depend on the outcome of a new procedure consistent with due process." *Id*. at 48.

After further argument regarding the course of proceedings following the Sixth Circuit's decision, the following exchange occurred between Plaintiff's counsel and the Court:

> MS. GORDON: Judge, what's the next step? **We wait for your order on this and then you will direct us as to when we can begin discovery?**
>
> THE COURT: **Yes. I will enter an order on this.** Depending on which way we go, I may issue a scheduling order, having considered this dialogue here essentially a Rule 16 conference.

*Id.* at 59 (emphasis added).

As is plain from this exchange, the Court indicated—in conformance with *Plaintiff's* suggestion—that discovery should not take place until the Court enters a scheduling order and, more importantly, until the Court enters an order regarding the parties' competing views of how the case should proceed on remand. The Court *did* note, however, that it would be appropriate for Plaintiff to file an Amended Complaint and for Defendants to file an Answer, and the Court set dates for those filings. *Id.* at 59-60.

On March 1, 2019, Plaintiff filed a Second Amended Complaint ("SAC"). Dkt. No. 121. On March 25, 2019, Defendants filed an Answer, Dkt. No. 134, and

3

a partial motion to dismiss the SAC, Dkt. No. 133, contending, among other things, that (1) *all* Individual Defendants are entitled to qualified immunity, and (2) most of the Individual Defendants should be dismissed from the case entirely. *See* Dkt. No. 133. In addition, Plaintiff has filed motions for partial summary judgment, Dkt. No. 138, and for an interim award of attorneys' fees, Dkt. No. 135. The parties have filed oppositions to these cross-motions, and the Court originally scheduled a hearing on all of the motions for June 6, 2019. *See* Dkt. No. 139. On May 31, 2019, the Court cancelled the hearing and indicated that the motions would be decided on the papers.

After the Court cancelled the June 6 hearing, Plaintiff served a notice to take the depositions of five of the Individual Defendants. *See* Deposition Notice, attached as Exhibit B. On June 12, 2019, Defendants' counsel asked Plaintiff's counsel to postpone the depositions until the Court had ruled on the pending motions. Plaintiff's counsel responded that at the hearing on February 14, 2019, the Court stated that discovery should proceed. Defendants obtained a copy of the transcript of the hearing, and, on June 17, 2019, advised Plaintiff's counsel that in fact Plaintiff's own exchange with the Court indicated precisely the opposite: that no discovery would take place until the Court ruled on the pending motions. Plaintiff's counsel declined to agree to postpone the depositions.

## ARGUMENT

This Court should grant the motion for a protective order. As the Court expressly indicated at the hearing on February 14, discovery should not commence until the Court resolves the very nature and scope of future proceedings in this case. The Court's reasoning remains true today, and the pending motion raising qualified immunity—which was filed after the February 14 conference—confirms that the noticed depositions cannot proceed at this time.

Under Rule 26 of the Federal Rules of Civil Procedure, the Court may limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). Because "the burden of ongoing discovery against a defendant who has asserted a qualified immunity is great and must be avoided," a protective order is appropriate where a plaintiff seeks discovery from a defendant who has asserted a qualified immunity defense. In such circumstances, "the Court unquestionably must first assess the validity of [the defendant's] qualified immunity claim before permitting further discovery to continue." *Quigley v. Corr. Med. Servs., Inc.*, No. 09-14221, 2010 WL 1753121, at *2 (E.D. Mich. Apr. 29, 2010) (explaining that "Supreme Court and Sixth Circuit precedent clearly provide" for that result).

In the pending partial motion to dismiss, the Individual Defendants assert qualified immunity as to Plaintiff's due process claims. This defense must be

5

resolved before discovery commences. *See Quigley*, 2010 WL 1753121, at *2; *see also* Gavitt *v.* Born, 835 F.3d 623, 641 (6th Cir. 2016) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." (quotation marks omitted)); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982) ("[B]are allegations . . . should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery."). Nor it is appropriate for discovery on the Title IX claim to proceed while the parties await a ruling on qualified immunity as to the due process claim. Indeed, Plaintiff requested that approach in the February 14 briefing, but the Court has not granted it. Moreover, the Individual Defendants are entitled to know—before they are deposed—whether they are entitled to qualified immunity on a claim that is presently part of this case and that provides the basis for Plaintiff's request for damages against them in their personal capacities.

While the assertion of qualified immunity is reason enough to enter a protective order postponing the noticed depositions, other reasons also militate in favor of this relief. The pending motions raise important questions about how this litigation will proceed, including whether the appropriate next step—as Defendants have consistently maintained—is a new hearing before the University using constitutionally adequate procedures. Indeed, the complainant has sought to

6

continue to press her complaint against Plaintiff, and Plaintiff continues to seek a degree from the University. A resolution of the complaint pursuant to corrected procedures is critical in determining whether Plaintiff could be entitled to receive a University degree or return to campus. Defendants sought for that hearing to occur as quickly as possible. Until that hearing takes place—a hearing in which Plaintiff may or may not be found responsible for the allegations against him—depositions should not proceed.

WHEREFORE, for these and other reasons that may appear to the Court, Defendants respectfully request that this motion be granted.

Respectfully submitted,

Date: June 20, 2019

/s/ *David W. DeBruin*
David W. DeBruin
Jenner & Block LLP
1099 New York Avenue, N.W., Suite 900
Washington, DC 20001
202-639-6015
ddebruin@jenner.com

Brian M. Schwartz (P69018)
Miller, Canfield, Paddock and Stone, P.L.C.
150 West Jefferson, Suite 2500
Detroit, MI 48226
313-963-6420
schwartz@millercanfield.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2019, I electronically filed the foregoing DEFENDANTS' MOTION FOR A PROTECTIVE ORDER REGARDING NOTICED DEPOSITIONS with the Clerk of the Court using the ECF System, which will send notification of such filing to the following attorneys:

Deborah L. Gordon at dgordon@deborahgordonlaw.com
Elizabeth A. Marzotto Taylor at emarzottotaylor@deborahgordonlaw.com
Andrea M. Van Hoven at avanhoven@deborahgordonlaw.com
Alana A. Karbal at akarbal@deborahgordonlaw.com

/s/ *David W. DeBruin*
David W. DeBruin
Jenner & Block LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001-4412
202-639-6015
ddebruin@jenner.com