## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JOHN DOE**, *an individual*,

    Plaintiff,

vs.

**DAVID H. BAUM**, et. al.,

    Defendants.

Case No. 16-cv-13174
Hon. David M. Lawson
Mag. Stephanie Dawkins Davis

_____

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Attorney for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

_____
**UNIVERSITY OF MICHIGAN OFFICE OF THE VICE PRESIDENT AND GENERAL COUNSEL**
Patricia M. Petrowski (P80361)
Attorneys for Defendants
503 Thompson St. Room 5010
Ann Arbor, MI 4810-1340
(734) 734-0304
ppetrows@umich.edu

**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**
Megan P. Norris (P39318)
Brian M. Schwartz (P69018)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
norris@millercanfield.com
schwartz@millercanfield.com

**JENNER & BLOCK LLP**
David W. DeBruin (337626)
Ishan K. Bhabha
Attorneys for Defendants
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
(202) 639-6015
ddebruin@jenner.com
ibhabha@jenner.com

_____

**Plaintiff's Motion to File Supplemental Reply Brief in Support of his Motion for Partial Summary Judgment (ECF 138) Based on New Evidence**

NOW COMES Plaintiff John Doe, by and through his attorneys, Deborah Gordon Law, for his Motion to File a Supplemental Reply Brief in Support of his Motion for Partial Summary Judgment (ECF 138) Based on New Evidence, and states as follows:

On June 28, 2019, Plaintiff obtained testimony in another matter calling into question the validity of one of Defendants' main arguments against Plaintiff's Motion for Partial Summary Judgment. For this reason, Plaintiff respectfully requests that the Court grant leave to file a brief, four-page Supplemental Reply (attached as **Ex. C**), setting forth this information, which is briefly summarized herein.

On April 22, 2019, Defendants filed their "…Opposition to Plaintiff's Motion for Partial Summary Judgment. ECF 145. A significant part of their argument was that further proceedings against Doe by the University should occur:

> "The further proceedings warranted here are a resolution of the sexual misconduct allegations against Doe through a constitutionally adequate hearing." *Id*., at Pg. ID 4810.

Defendants maintain that the University stands poised to provide those further proceedings to Doe, and argue that this is the appropriate "next step" for this case. ECF 117, Pg. ID 3997-4001. "These further proceedings are the next step to address the procedural shortfall that the Sixth Circuit identified." ECF 145, Pg. ID 4810.

1

Plaintiff has objected to the University unilaterally conducting further administrative proceedings against him in light of their repeated constitutional violations. But Defendants have argued that they have a procedure in place that will provide what they believe constitutes due process under *Doe v Baum*, decided on September 7, 2018. On January 9, 2019, Defendants issued an "Interim Policy" as to sexual misconduct. Defense counsel discussed it at the hearing this court held on February 14, 2019:

> MR. DeBRUIN: So we don't -- we don't dispute that any hearing conducted by the university must be conducted in a manner consistent with the Circuit's decision in Doe versus Baum, this very case. And so the university's **new procedures**, which we have provided to the Court, they were attached to our opposition, are very clear. **And at page 31 of those procedures, which again are attached**, and I don't know that we need to spend a tremendous amount of time on this, but just to make clear, there is a section called "The Hearing" and it begins as follows, and I quote: "The hearing is an opportunity for the parties to address the hearing officer in person and to question the other party and/or witnesses and for the hearing officer to obtain information following the investigation that is necessary to make a determination of whether a policy violation occurred. **So the currently-in-place policies are very clear that the hearing is an opportunity for the parties to address the hearing officer in person and, quote, 'to question the other party and/or witnesses.' And that, in fact, is what the new procedures provide." Ex. A,** Transcript of Feb. 14 Hearing at 36:19-37:13.
>
> *****
>
> That model, in light of the decision by the Sixth Circuit here, has been replaced. The current model is different, so you can't overlay one directly on the other. *Id.* at 39:11-3.
>
> *****
>
> So all I'm saying is, vis-à-vis the relief that the plaintiff is seeking in the papers they filed before the Court, if the plaintiff seeks to go forward to get a

2

>university degree and the other things that he is requesting, the appropriate outcome is for the matter to be resolved for a hearing. *Id.* at 39:22-40:2.

Plaintiff's counsel opposed this position, stating, "I am going to contest their [new] policy. I'm going to say it's unconstitutional." *Id.* at 24:5-8 (emphasis added).

Since the February 14, 2019 hearing, Plaintiff has learned that Defendants' January 7, 2019 Interim Policy relied on as described above, is about to be changed. There is currently "a committee with a formal charge to create" a new policy for sexual misconduct in place at the University, headed up by counsel in this case, Patricia Petrowski. The committee began meeting in or around February, 2019, and hopes to release a new policy for vetting in fall of 2019. **Ex. B**, Elizabeth Seney Dep. of June 28, 2019 at 41:41:16-9; 42:20-43:11; 44:2-3; 22-25; 45:1-23; 46:4-21; 50:6-51:4. Notably, Seney, the University's Interim Title IX Coordinator, did not know whether the nascent policy would contain the same due process provisions as found in the Interim Policy. *Id.* at 50:19-51:4.

Defendants are presently in the process of re-writing their administrative procedure for adjudicating student sexual misconduct claims. They have no idea what due process protections their new policy, which apparently will be in effect if and when any further administrative proceedings against Plaintiff commence, will provide to students. Defendants cannot rely on the due process protections allegedly provided by the Interim Policy when this policy will shortly be done away with in

3

favor of a completely inscrutable set of procedures that will doubtless apply to Plaintiff.

The new information set forth above undermines Defendants' main arguments in opposition to Plaintiff's Motion for Partial Summary Judgment. Accordingly, Plaintiff respectfully requests leave to file a brief, four-page Supplemental Reply (attached as **Ex. C**) to set forth these facts for the Court.

Plaintiff sought concurrence from Defendants on July 24, 2019.

Dated: July 24, 2019

Respectfully submitted,
**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Attorney for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2019, I electronically filed the foregoing document and Exhibit with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Attorney for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500