UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN DOE**, *an individual*,

    Plaintiff,

vs.

**DAVID H. BAUM**, et. al.,

    Defendants.

Case No.  16-cv-13174
Hon. David M. Lawson
Mag. Stephanie Dawkins Davis

---

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Attorney for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

**UNIVERSITY OF MICHIGAN OFFICE OF THE VICE PRESIDENT AND GENERAL COUNSEL**
Patricia M. Petrowski (P80361)
Attorneys for Defendants
503 Thompson St. Room 5010
Ann Arbor, MI  4810-1340
(734) 734-0304
ppetrows@umich.edu

**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**
Megan P. Norris (P39318)
Brian M. Schwartz (P69018)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
norris@millercanfield.com
schwartz@millercanfield.com

**JENNER & BLOCK LLP**
David W. DeBruin (337626)
Ishan K. Bhabha
Attorneys for Defendants
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
(202) 639-6015
ddebruin@jenner.com
ibhabha@jenner.com

---

**PLAINTIFF'S MOTION FOR RECONSIDERATION AS TO THE DISMISSAL OF DEFENDANTS WALESBY, WESSEL, AND BAZZY**

    NOW COMES Plaintiff, by and through his attorneys, Deborah Gordon Law, and in support of his Motion for Reconsideration brought under Local Rule 7.1(h) states as follows:

1

1. On September 7, 2018, the Sixth Circuit Court of Appeals reversed this Court's decision to dismiss Plaintiff's case on the pleadings, and remanded the case back to the District Court for further proceedings.

2. In pertinent part, the Sixth Circuit found that the sexual misconduct policy Defendants subjected Plaintiff to was unconstitutional, because it deprived him of a live hearing and the opportunity for cross-examination. Per the Sixth Circuit, both are necessary aspects of procedural due process. *Doe v. Baum*, 903 F.3d 575, 581-5 (6th Cir. 2018).

3. Upon returning to the District Court, Plaintiff amended his Complaint on March 1, 2019. ECF 121.

4. Plaintiff's Second Amended Complaint lodged claims against several individual Defendants, including Nadia Bazzy, Erik Wessel, and Anthony Walesby.

5. On September 30, 2019, this Court dismissed Bazzy, Wessel, and Walesby as Defendants from this case, holding that Plaintiff failed to sufficiently allege their individual involvement in the deprivation of Plaintiff's constitutional rights. ECF 157, Pg. ID 5100-5102.

6. This Court's holding as to Bazzy, Wessel, and Walesby contained palpable defects, which if corrected would result in a different disposition of the claims against these Defendants. L.R. 7.1(h)(3).

7. Namely, this Court palpably erred by disregarding the detailed factual allegations Plaintiff made against these Defendants that specifically set forth their personal involvement in the deprivation of Plaintiff's constitutional right to procedural due process.

8. Plaintiff specifically pled that Nadia Bazzy personally oversaw the implementation of the unconstitutional procedures and processes applied to Plaintiff including by the Appeals Board. ECF 121, Pg. ID 4101, ¶ 22. Accordingly, Bazzy personally approved the Appeals Board's application of an unconstitutional process to Plaintiff.

9. Moreover, Plaintiff pled that once the Appeals Board rendered its unconstitutional result against Plaintiff, she personally recommended that he withdraw from the University, because according to Bazzy, the Resolution Officer, who also belonged to OSCR, the office she led, would likely expel Plaintiff. ECF 121, Pg. ID 4116-8, ¶¶ 110, 112, 114, 120, 121. This action evidences her personal approval of the deprivation of Plaintiff's constitutional rights.

10. Bazzy not only oversaw and approved the application of the unconstitutional process, but also knowingly acquiesced in and approved the deprivation by personally precipitating Plaintiff's removal from the school, ensuring that he would be deprived of his property and liberty interests in his education and reputation in the community.

11.     Plaintiff also specifically pled detailed allegations that Anthony Walesby personally approved and promulgated the unconstitutional policy at issue via his role as Senior Director for the Office of Institutional Equity and Title IX Coordinator. The lower-level University officials who executed the process denying Plaintiff a live hearing and cross examination could not have done so without Walesby's approval and acquiescence. ECF 121, Pg. ID 4101-4103, 4107 ¶¶ 25, 36, 50.

12.     Finally, Plaintiff specifically pled that Erik Wessel directed the University department, OSCR, which administered the unconstitutional appeal process. The members of the Appeals Board would not have been able to deprive Plaintiff of a live hearing and cross examination if not for Wessel's implicit approval of and acquiescence in that constitutional violation. ECF 121, Pg. ID 4101, ¶ 24.

13.     Plaintiff certifies that in accordance with L.R. 7.1, he sought Defendants' concurrence in the relief requested by this Motion on October 14, 2019, but such concurrence was not forthcoming.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant his Motion for Reconsideration, and restore Bazzy, Walesby, and Wessel as Defendants in this case.

Dated: July 29, 2019　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　**DEBORAH GORDON LAW**
　　　　　　　　　　　　　　　　　　　/s/Deborah L. Gordon (P27058)
　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　33 Bloomfield Hills Parkway, Suite 220
　　　　　　　　　　　　　　　　　　　Bloomfield Hills, Michigan 48304
　　　　　　　　　　　　　　　　　　　(248) 258-2500
　　　　　　　　　　　　　　　　　　　dgordon@deborahgordonlaw.com

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................................iii

The Court Committed Palpable Error in Dismissing Nadia Bazzy as a Defendant ..................1

The Court Committed Palpable Error in Dismissing Anthony Walesby as a Defendant.........4

The Court Committed Palpable Error in Dismissing Erik Wessel as a Defendant...................5

Certificate of Service..................................................................................................................6

# INDEX OF AUTHORITIES

**Cases**

*Doe v. Baum*,
   903 F.3d 575 (6th Cir. 2018) ............................................................................. 1

*Hill v. Marshall*,
   962 F.2d 1209 (6th Cir. 1992) ........................................................................... 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN DOE**, *an individual*,

    Plaintiff,

vs.

**DAVID H. BAUM**, et. al.,

    Defendants.

Case No. 16-cv-13174
Hon. David M. Lawson
Mag. Stephanie Dawkins Davis

| | |
|---|---|
| **DEBORAH GORDON LAW**<br>Deborah L. Gordon (P27058)<br>Attorney for Plaintiff<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan 48304<br>(248) 258-2500<br>dgordon@deborahgordonlaw.com | **MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**<br>Megan P. Norris (P39318)<br>Brian M. Schwartz (P69018)<br>Attorneys for Defendants<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>(313) 963-6420<br>norris@millercanfield.com<br>schwartz@millercanfield.com |
| **UNIVERSITY OF MICHIGAN OFFICE OF THE VICE PRESIDENT AND GENERAL COUNSEL**<br>Patricia M. Petrowski (P80361)<br>Attorneys for Defendants<br>503 Thompson St. Room 5010<br>Ann Arbor, MI 4810-1340<br>(734) 734-0304<br>ppetrows@umich.edu | **JENNER & BLOCK LLP**<br>David W. DeBruin (337626)<br>Ishan K. Bhabha<br>Attorneys for Defendants<br>1099 New York Ave., N.W., Suite 900<br>Washington, DC 20001<br>(202) 639-6015<br>ddebruin@jenner.com<br>ibhabha@jenner.com |

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION FOR RECONSIDERATION AS TO THE DISMISSAL OF DEFENDANTS WALESBY, WESSEL, AND BAZZY**

On September 7, 2018, the Sixth Circuit Court of Appeals reversed this Court's decision to dismiss Plaintiff's case on the pleadings, and remanded the case back to the District Court for further proceedings. In pertinent part, the Sixth Circuit found that the sexual misconduct policy Defendants subjected Plaintiff to was unconstitutional, because it deprived him of a live hearing and the opportunity for cross-examination. Per the Sixth Circuit, both are necessary aspects of procedural due process. *Doe v. Baum*, 903 F.3d 575, 581-5 (6th Cir. 2018). Upon returning to the District Court, Plaintiff amended his Complaint on March 1, 2019. ECF 121. Plaintiff's Second Amended Complaint lodged claims against several individual Defendants, including Nadia Bazzy, Erik Wessel, and Anthony Walesby. On September 30, 2019, this Court dismissed Bazzy, Wessel, and Walesby as Defendants from this case, holding that Plaintiff failed to sufficiently allege their individual involvement in the deprivation of Plaintiff's constitutional rights. ECF 157, Pg. ID 5100-5102.

Plaintiff's allegations against Bazzy, Wessel and Walesby are analogous to those raised in *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992). There, plaintiff alleged that a prison official was personally involved in the deprivation of his constitutional rights where the official knowingly referred plaintiff's complaints about not getting medication to a nurse he knew was botching inmates' prescriptions. Just as in that case, Plaintiff alleged here that Bazzy, Wessel, and Walesby

1

abandoned the specific duties of their positions (which all included ensuring that due process was provided) in the face of their actual knowledge of a breakdown in the constitutionality of the policy. As in *Hill*, Bazzy, Wessel, and Walesby personally had a job to do, and they did not do it, which caused Plaintiff to be deprived of his due process.

### The Court Committed Palpable Error in Dismissing Nadia Bazzy as a Defendant

The Court committed palpable error when it determined that Plaintiff's only allegation against Bazzy was that she "oversaw the resolution process" following the Appeals Board's decision against Plaintiff. In actuality, Plaintiff specifically pled that Bazzy personally oversaw the Appeals Board's implementation of the unconstitutional procedure. ECF 121, Pg. ID 4101, ¶ 22. Plaintiff pled that Bazzy was in a position of authority over the Appeals Board, and in that role knowingly led them to deprive Plaintiff of his constitutional rights. In fact, Plaintiff specifically pled that "the appeal process was administered principally by the OSCR Assistant Director, Bazzy." ECF 121, Pg. ID. 4111, ¶ 83. Bazzy's job included making sure that the process she administered passed constitutional muster—she deliberately did not do her job. The allegation that Bazzy guided the Appeals Board in executing the process depriving Plaintiff of his constitutional right is sufficient to establish her personal involvement in the deprivation.

Moreover, Bazzy's involvement in the sanctioning process underscores her implicit and explicit approval of the denial of due process. Once the Appeals Board rendered its unconstitutional result against Plaintiff, she implicitly and explicitly approved that decision (and accordingly, the constitutional deprivation) by adopting it and aligning her actions with it. Plaintiff pled that Bazzy helped lead the Office of Student Conflict Resolution, which under the unconstitutional policy was charged with determining a penalty for Plaintiff. *Id.* Bazzy acquiesced in the deprivation of Plaintiff's due process by personally recommending that he withdraw from the University. She explained that the Resolution Officer, who fell in her chain of command under OSCR, would likely expel Plaintiff based on what the Appeals Board had—in her view—correctly decided. ECF 121, Pg. ID 4116-8, ¶¶ 110, 112, 114, 120, 121.

Bazzy not only implicitly and/or explicitly approved the application of the unconstitutional process, but also knowingly acquiesced and approved the deprivation by personally precipitating Plaintiff's removal from the school, ensuring that he would be deprived of his property and liberty interests in his education and reputation in the community. This allegation shows Bazzy affirmatively endorsed the denial of Plaintiff's procedural due process.

Notably, Plaintiff's allegations against Bazzy bear striking resemblance to those against Harper. In holding Plaintiff's allegations against Harper were

3

sufficient, the Court noted that "she oversaw the OIE and OSCR process and signed pertinent documents." ECF 121, Pg. ID 4101, ¶ 23; ECF 157, Pg. ID 5102-3. Moreover, the Court accepted as sufficient Plaintiff's allegation that "Harper had the final sign-off on the improperly imposed discipline certainly suffices to establish her personal involvement." *Id.* Accordingly, under the Court's own reasoning, Plaintiff's allegation that Bazzy <u>personally recommended</u> the "improperly imposed discipline," should be similarly sufficient to establish Bazzy's personal involvement in the constitutional deprivation. Accordingly, the Court's finding that "plaintiff has not alleged any facts to suggest that Bazzy…had any personal involvement in the defective appeal procedure itself," contained a palpable defect. Bazzy's dismissal from this case was palpable error.

### The Court Committed Palpable Error in Dismissing Anthony Walesby as a Defendant

The Court made a "palpable error" when it found that Plaintiff's "only" allegation against Walesby reviewed and approved the OIE Report. In fact, Plaintiff also pled that Anthony Walesby personally approved and promulgated the unconstitutional policy at issue via his role as Senior Director for the Office of Institutional Equity and Title IX Coordinator. ECF 121, Pg. ID 4101-4103, 4107 ¶¶ 25, 36, 50.

Plaintiff has not been permitted to begin discovery in this matter, but must eventually explore how the unconstitutional policy came into being. Walesby led the

4

departments that were the main proponents of this policy. It simply could not have come into being or been executed by these departments without Walesby's personal acquiescence or approval. Accordingly, the lower-level University officials who executed the process denying Plaintiff a live hearing and cross examination could not have done so without Walesby's personal approval of the constitutional violation at some phase in the process. ECF 121, Pg. ID 4101-4103, 4107 ¶¶ 25, 36, 50. Walesby's job included making sure that his policies and programs provided students due process--he deliberately did not do his job.

Moreover, Plaintiff's allegations regarding Walesby's involvement at the OIE-investigation phase underscore his personal role in depriving Plaintiff of due process. The OIE may have reached the right outcome, but the process still deprived Plaintiff of his well-established right to a hearing. Walesby could not have been a mere inactive figurehead when he personally executed a process he knew deprived Plaintiff of a live hearing that the Constitution required. *Id.* The Court's dismissal of Walesby was palpable error.

### The Court Committed Palpable Error in Dismissing Erik Wessel as a Defendant

Finally, Plaintiff specifically pled that Erik Wessel directed the University department, OSCR, which administered the unconstitutional appeal process. ECF 121, Pg. ID 4101, ¶ 24. Again, the Court accepted as sufficient nearly identical allegations as to Defendant Harper. Wessel was the head of the department under

which the Appeals Board operated. The individuals in Wessel's direct chain of command could not have deprived Plaintiff of a live hearing and cross examination without his implicit or explicit approval of and acquiescence in the unconstitutional policy. Moreover, just as with Bazzy, Plaintiff's allegations that Wessel oversaw the resolution process is evidence of his personal involvement in the deprivation of Plaintiff's constitutional rights. If Wessel had not implicitly or explicitly approved the deprivation of Plaintiff's rights in the Appeals Process, he would not have approved the outcome. Wessel's job included making sure that the processes he oversaw provided students due process—again, he deliberately did not do his job. Plaintiff pled personal involvement by Wessel in the constitutional violation.

Dated: October 14, 2019

Respectfully submitted,
**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Attorney for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**

/s/Deborah L. Gordon (P27058)
Attorney for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
