UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

        Plaintiff,

v.

        Case Number 16-13174
        Honorable David M. Lawson

DAVID H. BAUM, SUSAN PRITZEL,
TABITHA BENTLEY, E. ROYSTER
HARPER, UNIVERSITY OF MICHIGAN,
and THE REGENTS OF THE UNIVERSITY
OF MICHIGAN,

        Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on the plaintiff's motion for reconsideration of portions of the Court's September 30, 2019 opinion dismissing the claims against certain individual defendants. The motion will be denied because the plaintiff has failed to identify any palpable defect in the Court's decision, and in his present motion he seeks instead merely to reargue issues already considered and ruled upon by the Court.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3). A motion for reconsideration which presents issues already ruled upon by a district court, either expressly or by reasonable

implication, will not be granted. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

First, the plaintiff argues that the Court erred by dismissing the claims against Nadia Bazzy, because the amended complaint adequately alleged her personal involvement where it was pleaded that Bazzy "oversaw the implementation of the unconstitutional procedures and processes applied to Plaintiff including by the Appeals Board," "personally approved the Appeals Board's application of an unconstitutional process to Plaintiff," and "personally recommended that he withdraw from the University, because according to Bazzy, the Resolution Officer, who also belonged to OSCR, the office she led, would likely expel Plaintiff." The Court held that no viable claim was pleaded against Bazzy because, even if she "oversaw" parts of the then-established expulsion process, individual liability cannot attach under section 1983 where an individual merely knowingly supervises unconstitutional conduct and fails to act to prevent it. *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992) ("[T]he mere failure to act, even in the face of a statistical pattern of misconduct, is an insufficient basis for holding a supervisor liable for the constitutional violations of her employees."); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). Instead, the plaintiff must show that a defendant "encouraged the specific incident of misconduct or in some other way directly participated in it." *Phillips v. Roane County*, 534 F.3d 531, 543 (6th Cir. 2008).

The bulk of the allegations against Bazzy describe ministerial communications with the plaintiff about the progress and outcome of the appeal process, and, after the appeals board completed its work, the "recommendation" to the plaintiff that he resign voluntarily due to the nearly certain prospect of expulsion. The Court concluded that nothing alleged in the amended complaint suggested that Bazzy participated as a member of the appeal panel or took any part in

- 2 -

rendering the decision on appeal. Considering the scope of the mandate, which limited the claims on remand to due process violations from the lack of a live hearing with cross-examination, there was no longer any viable claim based on any phase of the disciplinary process before or after the appeal board rendered its finding without first holding a hearing. The plaintiff has not pointed to any specific facts alleged in the amended complaint that call into question those legal conclusions.

The plaintiff's first argument is without merit.

Second, the plaintiff contends that he adequately alleged the personal involvement of defendant Erik Wessel, who, according to him, "directed the University department, OSCR, which administered the unconstitutional appeal process." The claims against Wessel were rejected on the same rationale as those against Bazzy. The plaintiff has offered no more convincing reason to question the Court's ruling regarding Wessel.

The plaintiff's second argument is without merit.

Third, the plaintiff contends that he adequately alleged the personal involvement of defendant Anthony Walesby, who, according to him, "personally approved and promulgated the unconstitutional policy at issue via his role as Senior Director for the Office of Institutional Equity and Title IX Coordinator." However, as the Court previously observed, the factual allegations against Walesby were limited to a recitation of his historical job titles and the fact that he was no longer employed, and the lone substantive allegation that he "reviewed and approved the [OIE Investigator's] Report," which, as the plaintiff repeatedly has insisted, reached the "correct" conclusion in finding that the plaintiff did not commit any misconduct. Contrary to the plaintiff's argument, he did not allege anywhere in the amended complaint any specific facts suggesting that Walesby "personally approved and promulgated the unconstitutional policy," and he has not

pointed to any specific facts that were pleaded about Walesby's involvement which the Court overlooked in its decision.

The plaintiff's third argument is without merit.

The plaintiff has failed to identify any palpable defect in the Court's conclusions or any specific facts that were overlooked by the Court which would compel a different outcome as to defendants Bazzy, Wessel, or Walesby.  Moreover, all of the arguments raised in the motion previously were argued in the parties' extensive briefing on their competing motions, and they fully were considered and addressed by the Court in its ruling.

Accordingly, it is **ORDERED** that the petitioner's motion for reconsideration (ECF No. 159) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date:   December 18, 2019

### PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on December 18, 2019.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI