**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: February 11, 2020

Mr. Ishan Kharshedji Bhabha
Mr. David W. DeBruin
Jenner & Block
1099 New York Avenue, N.W., Suite 900
Washington, DC 20001

Ms. Deborah L. Gordon
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, MI 48304

Mr. Brian M. Schwartz
Miller Canfield
150 W. Jefferson Avenue, Suite 2500
Detroit, MI 48226

Re: Case No. 19-2372, *In re: John Doe*
Originating Case No. : 2:16-cv-13174

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Mr. David J. Weaver

Enclosure

NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0097n.06

Case No. 19-2372

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 11, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| IN RE JOHN DOE, | ) | ON PETITION FOR WRIT OF |
| | ) | MANDAMUS |
| Petitioner. | ) | |
| | ) | |

BEFORE: GILMAN, GIBBONS, and THAPAR, Circuit Judges.

PER CURIAM. John Doe petitions for a writ of mandamus. He claims that the district court misapplied our circuit's mandate in *Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018), and committed legal error by denying him partial summary judgment and granting defendants qualified immunity. Because Doe's claims do not satisfy the requirements for mandamus, we deny the petition.

Mandamus is an extraordinary remedy. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004). To satisfy the test, John Doe must (1) have no other adequate means of obtaining relief, (2) demonstrate a right to issuance that is clear and indisputable, and (3) show that issuance of the writ is appropriate under the circumstances. *Id.* at 380–81. Mandamus is appropriate to remedy a clear abuse of discretion or judicial usurpation of power. *Id.* at 380.

The extraordinary remedy is not appropriate here. Doe challenges a partial denial of summary judgment and a grant of qualified immunity. Even assuming that he is right about his claimed legal error (and that it rises to a *clear* abuse of discretion), Doe can raise those issues on direct appeal. Thus, he is not without remedy, as required for mandamus.

We DENY the petition.